UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cr-00559-MTS |
| JUSTIN BRADLEY DURHAM, | ) |
| Defendant. | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Kyle T. Bateman, Assistant United States Attorney for said District, and for its sentencing memorandum states as follows:

**Sentencing Recommendation**

On October 31, 2024, the defendant, Justin Durham, pled guilty to one counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251; two counts of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2); and two counts of Destroying Records, in violation of 18 U.S.C. § 1519. Sentencing in this matter is currently set for March 28, 2025.

The parties agree that the total offense level, as set forth in the PSR, is 43. Doc. 66. At a criminal history category of I, the sentencing guidelines range is life.

It is the Government's position that justice and fairness require a lengthy sentence of imprisonment in this case, and respectfully recommends that this Court sentence the defendant to 780 months (or 65 years) imprisonment.

## Section 3553 Factors

Title 18, United States Code, Section 3553(a) sets out the factors this Court should consider in fashioning an appropriate sentence.

The first such factor to be considered is the nature of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1). For ten years, between approximately 2013 and 2023, the defendant was a Deputy Sheriff with the Phelps County, Missouri Sheriff's Office, where he worked with sex offenders and also with a youth program. During this same time period, the defendant engaged in a pattern of sexual abuse of minors and adult females:

    a.    Between 2009 and 2013, the defendant sexually assaulted A.A. on numerous occasions, including once at knife point and another time causing her to be hospitalized. PSR ¶ 82.

    b.    In 2013, the defendant paid money to minor victim E.T., who was then 15 years old, on numerous occasions to have sex with him and to send him images of child pornography. PSR ¶ 24. On one occasion, the defendant had sex with E.T. in his police vehicle. *Id*. E.T. is the victim in Counts 1 and 2.

    c.    In 2015, the defendant told victim A.Y. that he would help to arrest her child's father if she sent him sexually explicit images. PSR ¶ 93. At one point, the defendant displayed a firearm to A.Y. and forced her to perform oral sex on him. *Id*. On another occasion, the defendant showed up to A.Y.'s house in his police vehicle wearing a police uniform and forced her to have sex with him. *Id*.

    d.    In 2016, the defendant met victim C.T., who was then 17 years old, and began a sexual relationship with her wherein she sent him child pornography on multiple occasions. PSR ¶ 26. On several occasions, the defendant had sex with C.T. in the defendant's

police vehicle while the defendant was on duty. *Id*. The defendant then threatened C.T. causing her to fear for her safety. *Id*. C.T. is the victim in Count 3.

  e. In 2015 and 2016, the defendant sent sexual letters to inmates at the Phelps County Jail. PSR ¶ 78.

  f. In 2017, the defendant conducted a traffic stop of B.H. and began to solicit sexually explicit images from her, including through threats. PSR ¶ 80.

  g. In 2017, the defendant solicited sexual images and acts from A.M. on several occasions. PSR ¶ 86.

  h. In 2017, the defendant solicited sexually explicit images from B.G., who was then 17 years old, after he pulled her over during a traffic stop. PSR ¶ 86.

  i. In 2018, the defendant solicited sexually explicit images from an offender on parole. PSR ¶ 78.

When the defendant was first interviewed in June 2023 about potential purchases of child pornography on his PayPal account, the defendant lied to federal agents and blamed his daughter. PSR ¶ 19. Following this interview, the defendant deleted files in his DropBox account (Count 4), including images of child pornography of Victims E.T. and C.T. (and other sexually explicit images and videos of other victims), and also destroyed his cell phone (Count 5). PSR ¶ 20 and 22.

The Court should impose a sentence that reflects the seriousness of the offense, that promotes respect for the law, and that provides just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A). Producing child pornography, receiving child pornography and destroying records in relation to a federal investigation are each serious offenses that warrant a lengthy prison

sentence. The fact that the defendant did all of these things while he was a sworn law enforcement officer adds to the gravity of these offenses.

This Court should also impose a sentence that affords adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B). Reasonable yet firm sentences are necessary in child pornography cases to reduce or eliminate the market for child pornography and to protect children from becoming victims to feed that market. Firm prison sentences are necessary to deter the producing, viewing, possessing, collecting, and trading of child pornography.

A sentence of 780 months' imprisonment followed by lifetime supervised release serves as a just deterrent for criminal conduct for this particular defendant. It also reasonably assures to protect the public from any further crimes.

## Victim Issues

Victims E.T. (Counts 1 and 2) and C.T. (Count 3) have indicated that they would like to make victim impact statements at sentencing. The Government has also included a written victim impact statement from victim E.T. *See* **Attachment A**.

Victim E.T. has also submitted a declaration of loss requesting $79,160 in restitution from the defendant. PSR ¶ 131. The Government intends to update the Court on this matter in advance of sentencing.

## **CONCLUSION**

The government respectfully suggests that a sentence of 780 months is reasonable, and defers to this honorable Court concerning the sentence to be imposed.

                                              Respectfully submitted,

                                              SAYLER A. FLEMING
                                              United States Attorney

                                              */s/ Kyle T. Bateman*
                                              KYLE T. BATEMAN – 996646DC
                                              Assistant United States Attorney
                                              111 South 10th Street, Room 20.333
                                              St. Louis, Missouri, 63102
                                              (314) 539-2200

## CERTIFICATE OF SERVICE

    I hereby certify that on March 22, 2025, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                                  */s/   Kyle T. Bateman*
                                                  KYLE T. BATEMAN, #996646DC
                                                  Assistant United States Attorney